FREDERICK S. HEISER, EXECUTOR, ETC., OF CHRISTINA E. SMITH, APPELLANT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENT.

*City — when it is not liable for the wrongful acts of its board of assessors acting under a special statute — when a person injured by a public improvement is confined to the remedy provided in the statute — 1872, chap. 729.*

The board of assessors of the city of New York, while acting under chapter 729 of 1872, authorizing it to consider and allow the damages sustained by persons owning buildings fronting upon Eighth avenue, which might be damaged by the change in its grade by said act directed to be made, bears no such relation to the city government as to render the city liable for the wrongful or illegal acts of such board.

The only means of redress provided for those injured by the change of grade are those specified and prescribed in the act.

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the complaint made upon the trial of the action before the court without a jury.

*H. M. Whitehead*, for the appellant.

*D. J. Dean*, for the respondent.

DANIELS, J. :

The action was brought to annul certificates made by the board of assessors of the city of New York, assessing the damages sustained by the testator from changes made in the grade of the Eighth avenue at the sum of $5,000, and the benefits to be derived from the improvement at an equal amount, and to recover the damages alleged to have been sustained. By the statement made of the cause of action, the damages were very large in their amount, and it is stated that the board of assessors, with intent to injure and defraud the plaintiff, illegally, covertly and fraudulently made and filed these certificates.

These allegations must be accepted as the truth in the determination of the appeal, for the action was dismissed upon the ground that neither the complaint nor the opening of the counsel stated a cause of action against the city. The plaintiff, as the case appears by the complaint, was seriously injured in the practical denial of his right to compensation by the board of assessors. But it is not perceived how the defendant can be charged with liability on account of the misconduct of that board. It was not a subordinate department of the city government as the statute created it. This was done by chapter 302 of the Laws of 1859. The number of the members of the board, their tenure of office, and their appointment by the commissioners of taxes, were provided for by the fifteenth section of the act, and their functions and authority were by succeeding sections defined and declared.

The board derived its authority wholly under this statute from the legislature of the State, and it was, in its exercise, in no respect subjected to the action or control of the governing authorities of the city. But it was, so far as its powers and functions extended, in the nature of an independent department wholly created by the legislature ; for that reason, under the authorities, the city could not

be rendered liable for the misconduct of its members resulting in injuries to other persons. " The mere circumstance that the appointment of the commissioners of taxes was vested in the Comptroller, who was one of the officers of the city, will not render these conclusions inapplicable to the case. (_Maximilian_ v. _The Mayor_, etc., 2 Hun, 263; affirmed, 62 N. Y., 160; _Tone_ v. _The Mayor_, 70 id., 157.)

This was also the theory of chapter 729 of the Laws of 1872, from which the board of assessors derived their authority to consider and allow the damages sustained by persons owning buildings erected and fronting on the avenue which were injured by the change in its grade, for it subjected the city to no duty in the proceeding which it authorized to be taken. The authority to be exercised was confined wholly to the board of assessors. That board was authorized and directed to assess upon the property intended to be benefited by the improvement of the avenue the damages which each owner of such building had or would sustain by reason of the changes of grades made in the improved avenue, and when the damages were ascertained by it the board were required to file in the finance department of the city a just and equitable statement of the amount. In this proceeding the municipal authorities of the city could not² participate, but it was wholly to be confined to the claimant and the action of the board itself; and when such action resulted in the filing of the certificate the municipal government would be concluded as to the rights of the claimant; and then the duty was imposed upon the comptroller to issue assessment bonds of the city to pay the damage assessed by the board of assessors, and that with the act of payment was practically all that the city could have to do with the proceeding. To and including the time of filing the certificate itself, the board was required to act exclusively as an independent body, subject to no control whatever on the part of the municipal authorities of the city. There was, therefore, no such relation between the government of the city and the board of assessors as would render the former legally liable for this alleged misconduct of the latter. The remedy provided by the statute was intended to be complete and adequate for the redress of the injury sustained by the change in the grade of the avenue, and this result was not prevented by any fault or defect in

the law, but, as the case has been stated in the complaint, by the misconduct of the board of assessors ; and that board, and not the city, was liable for the consequence of such misconduct.

Without this act of 1872 it has been settled that for the change in the grade of the street, where no part of the property fronting upon it is taken, the owner of such property can maintain no action for damages because of the fact that his property may have been injured by the alteration of the grade. (*Radcliff's Executors* v. *The Mayor of Brooklyn*, 4 Comst., 195.)

The only means of redress afforded to the plaintiff, therefore, were those provided for by this act. It was not a cumulative remedy that the statute created, but it was the sole and only remedy which the owner could resort to for the assessment and recovery of the damages sustained by him. The rule upon this subject is, that where by statute a new right is given and a remedy is provided for its protection and redress, it is exclusive in its nature, and the party complaining can obtain satisfaction only by pursuing the course and availing himself of the remedy provided by the statute. (*Calking* v. *Baldwin*, 4 Wend., 668.)

The case of *Russell* v. *The Mayor* (2 Denio, 461) is in no manner in conflict with this rule. For there the property itself had been taken, and the owner, by means of the Constitution itself, became entitled to be paid an adequate compensation for its value ; and that had been abridged by the phraseology of the act then before the court. The same observation is applicable to *People* v. *Hillsdale, etc., Turnpike Company* (2 Johns., 190). In that class of cases, the owner whose property may be taken for a public use has the right, before he can be divested of it, to be compensated for it under the provision of the Constitution of the State. And legislation providing for inadequate compensation will not satisfy the constitutional requirements. But in the present case no such right to compensation was secured by the Constitution, or by any law or principle of law prior to the enactment of chapter 729 of the Laws of 1872. The plaintiff was wholly dependent upon the provisions of that act for the recovery or allowance of any damages whatever to him, and he was confined to the provisions made by it in his proceedings for redress.

It may very well be that the action of the board of assessors might have been reviewed by means of the writ of *certiorari*, and

in that way the improper decision made by them corrected. But it is clear that no action can be maintained by the plaintiff on the facts set forth in his complaint against the defendant.

The judgment was legally right, and should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.